### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|                                              |   |
|----------------------------------------------|---|
|                                              | : |
|                                              | : |
| **IN RE:**                                   | : |
|                                              | : |
| **CASES ASSIGNED TO**                        | : |
| **JUDGE RICHARD W. STORY**                   | : |
|                                              | : |
|                                              | : |
|                                              | : |

### STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Richard W. Story.  The purpose of this Order is to inform the parties and their counsel of the Court's policies, procedures, and practice.  It is issued to promote the just and efficient determination of the case.  This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure, shall govern this case.

1.  **Contacting Chambers**

Rick Goss, the Courtroom Deputy Clerk, is your principal point of contact on matters related to this case. Where possible, communications with Mr. Goss should be by telephone. Please note that Mr. Goss is often in the

courtroom, so telephone messages may not be returned for 24 hours. The

contact information for Mr. Goss is as follows:

> Mr. Rick Goss
> Courtroom Deputy Clerk
> 2121United States Courthouse
> 75 Spring Street, SW
> Atlanta, GA 30303-3309
> (404) 215-1349
> Richard_Goss@gand.uscourts.gov

Neither the parties nor their counsel should discuss the merits of the case with

Mr. Goss or any of the Court's law clerks.

## 2.    **Courtesy Copies**

Parties frequently forward copies of motions or other filings directly to

chambers for the Court's convenience. Courtesy copies are not required, except

for emergency motions filed pursuant to Local Rule 7.2B, ND Ga, and motions

for temporary restraining orders and/or preliminary injunctions.  Courtesy

copies of  motions for summary judgment that have voluminous exhibits may

be submitted to chambers.  Courtesy copies of such emergency motions,

motions for temporary restraining orders, and/or motions for preliminary

injunctions should be hand-delivered to chambers in Room 2121 on the 21st

floor of the Richard B. Russell Federal Building. Courtesy copies of motions

for summary judgments, with voluminous exhibits, may be either hand-

2

delivered to chambers in Room 2121 or submitted via regular mail to the

attention of the Courtroom Deputy Clerk at the above provided address.

**3.     Discovery Responses**

Boilerplate objections in response to discovery requests are strictly

prohibited.  Parties should not carelessly invoke the usual litany of rote

objections; i.e., attorney-client privilege, work-product immunity from

discovery, overly broad/unduly burdensome, irrelevant, not reasonably

calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited; i.e., a party shall not

include in a response to a discovery request a "Preamble" or a "General

Objections" section stating that the party objects to the discovery request "to

the extent that" it violates some rule pertaining to discovery; e.g., attorney-

client privilege, work-product immunity from discovery, and the prohibition

against discovery requests that are vague, ambiguous, overly broad, or unduly

burdensome.  Instead, each individual discovery response must be met with

every specific objection thereto—but only those objections that actually apply to

that particular request.  Otherwise, it is impossible for the Court or the party

upon whom the discovery response is served to know exactly what objections

3

have been asserted to each individual request. All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete; i.e., whether additional information or documents would have been provided but for the objection(s). For example, in response to an interrogatory a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

## 4.   **Serving Discovery Prior to Expiration of the Discovery Period**

All discovery requests must be served early enough so that the responses thereto are due on or before the last day of the discovery period. The Court typically will not compel responses to discovery requests that were not served in time for responses to be made before the discovery period ended.

## 5.   **Discovery Disputes**

Prior to filing a discovery motion, the movant–after conferring with the respondent in a good faith effort to resolve the dispute by agreement–should contact Mr. Goss and advise him  that the movant seeks relief with respect to a

AO 72A
(Rev.8/82)

discovery matter.  Ordinarily, Mr. Goss will then schedule a conference call in which the Court will attempt to resolve the matter <u>without</u> the necessity of a formal motion.  Mr. Goss may request that each side submit a brief statement of the issues (no more than 3 pages) in advance of the conference.

The Court is usually available by telephone to resolve objections and disputes that arise during depositions.

### 6.   **Filing Documents Under Seal**

It is the general policy of this Court not to allow the filing of documents under seal, even if all parties consent to filing under seal; this is because documents filed in Court are presumptively public.  However, the Court will ordinarily agree to the sealing of documents that contain information protected from disclosure by statute; personal information (such as Social Security numbers); trade secrets; or sensitive security data.

In the event a party desires to file one or more documents under seal, the following procedures shall apply:

(a)   The party or parties desiring to file the document(s) under seal shall submit to chambers a motion for leave to file under seal and simultaneously enter on the CM/ECF docket a notice that a motion for leave to file under seal has been presented to chambers.  The party or parties presenting

AO 72A
(Rev.8/82)

the motion shall bear the burden of establishing (in the motion) good cause for sealing.

**(b)** The motion presented to chambers shall identify, with specificity, the documents or portions thereof for which sealing is requested; state and explain the reasons that sealing is necessary; explain (for each document or group of documents) why less drastic alternatives than sealing will not provide adequate protection; and address the factors governing sealing of documents reflected in controlling case law; *e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1245-48 (11th Cir. 2007).

**(c)** A separately sealed envelope labeled "Confidential Information to Be Submitted to the Court in Connection with Motion for Leave to Seal" shall be submitted with the motion. The envelope shall contain the documents at issue for the Court's *in camera* review.

**(d)** If the Court determines that the motion is to be denied, then the Court will contact the filing party, which may then retrieve the motion/materials and determine whether it wants to file the document without a seal. If the Court determines that the motion is to be granted, the Court will forward the motion, a signed order, and accompanying materials to the Clerk of

AO 72A
(Rev.8/82)

Court for entry of the motion on the CM/ECF docket and appropriate filing of the sealed materials.

Often, the Court will direct the parties to file (1) on the public docket a copy of the document(s) at issue after redacting therefrom any clearly private information, and (2) a sealed copy of the unredacted document(s).

(e) The Clerk may, at the conclusion of the litigation including conclusion of any appeal, return to counsel or destroy any materials filed under seal. Before destroying any document filed under seal, the Clerk shall advise all parties of their option to accept return or destruction and shall allow no less than thirty days from issuance of the notice for counsel to respond. In the absence of a response, the Clerk may destroy materials filed under seal.

(f) The parties and their counsel should be aware that except in rare circumstances, settlement agreements shall not be filed under seal.

7.    **Confidentiality of Discovery Materials**

Paragraph 6 reflects that the parties are prohibited from agreeing to broad protective orders that would allow counsel to designate as confidential documents that will be filed in Court without prior judicial review. A less stringent standard, however, applies to documents by the parties in response to

AO 72A
(Rev.8/82)

discovery requests; the confidentiality of such documents is governed by the following provisions:

**(a) Scope.** As used in paragraph 7 hereof, "documents" means all documents produced by any party in the course of discovery, all responses to discovery requests, and all deposition transcripts and exhibits.

**(b) Form and Timing of Designation.** Confidential documents shall be so designated by affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the confidential designation. Documents shall be designated confidential prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver of the right to designate documents as confidential as otherwise allowed by this Order.

**(c) Documents That May Be Designated Confidential.** Any party may designate documents as confidential, but only after review of the documents by an attorney who has determined in good faith that the documents contain information protected from disclosure by statute; personal information

8

(such as Social Security numbers); trade secrets[1]; or sensitive security data. Information or documents that are available in the public sector shall not be designated as confidential.

**(d) Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript.  Such designation shall be carefully limited to the specific portions entitled to protection.

**(e)  Protection of Confidential Material.**

**i.  General Protections.**  Documents designated confidential under this Order shall not be filed with the Clerk or disclosed by the parties or counsel for the parties for any purposes other than preparing for and conducting this litigation (including any appeal).  The parties and their counsel shall not disclose documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes have been certified.

**ii.  Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents

---

[1]For purposes of paragraph 7 hereof, "trade secrets" shall be defined as set forth in O.C.G.A. § 10-1-761(4).

9

designated confidential under the terms of this Order to any other person or entity except as set forth in subparagraphs a. through e. below, and then only after the person to whom disclosure is to be made has executed an acknowledgment that he or she has read and understands the terms of this Order and is bound by it.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated confidential pursuant to this Order:

        **a.** counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

        **b.** parties and employees of a party to this action, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

        **c.** court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

        **d.** consulting and testifying experts; and

        **e.** other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

AO 72A
(Rev.8/82)

**(e)   Filing of Confidential Documents.**  In the event a party seeks to file any document that an opposing party has designated as confidential, e.g., in support of a substantive motion, that party shall take appropriate action to insure that the document receives proper protection from public disclosure including (i) filing a redacted copy of the document, thereby concealing all allegedly confidential portions thereof, and (ii) where appropriate (e.g., in relation to discovery disputes and evidentiary motions), submitting the documents solely for in camera review.  Where the preceding measures are not adequate, the party desiring to file the confidential document(s) shall file a motion for leave to file the document under seal pursuant to paragraph 4 above.  Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to file the document shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection.

**iii.   Control of Documents.**  Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as confidential and shall maintain a record of all persons who have reviewed or

11

been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations hereunder.

      **iv. Copies.** All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents designated as confidential, or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

      **(f) Challenges to Designation as Confidential.** Any confidential designation is subject to challenge. The following procedures shall apply to any such challenge.

      **i.** The burden of proving the necessity of a confidential designation remains with the party asserting confidentiality.

      **ii.** A party who contends that documents designated confidential are not entitled to confidential treatment shall notify the party who affixed the designation in writing (including e-mail) of the specific basis for the challenge. The party who so designated the documents shall then have seven days to determine if the dispute can be resolved without judicial intervention and, if

12

not, to contact Mr. Goss to schedule a conference concerning the confidential designation.

 **iii.** Notwithstanding any challenge to the designation of documents as confidential, all material previously designated confidential shall continue to be treated as subject to the protection of this Order until one of the following occurs:

  **a.** the party who claims that the documents are confidential withdraws such designation in writing;

  **b.** the party who claims that the documents are confidential fails to timely move for an Order designating the documents as confidential as set forth in paragraph 7(f)(ii) above; or

  **c.** the Court rules that the documents should no longer be designated as confidential.

 **iv.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

 **(g) Treatment on Conclusion of Litigation.**

 **i. Order Remains in Effect.** All provisions of this Order restricting the use of documents designated confidential shall continue to be

AO 72A
(Rev.8/82)

binding after the conclusion of the litigation unless otherwise agreed in writing or ordered by the Court.

**ii. Return of Confidential Documents.** Within thirty days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Order, including copies as defined above, shall be returned to the producing party unless (1) the document has been entered as evidence or filed (unless introduced or filed under seal), or (2) the parties stipulate to destruction in lieu of return. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated confidential so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. Such work product continues to be confidential under the terms of this Order. An attorney may use his or her work product in any subsequent litigation provided that its use does not disclose the confidential documents or their confidential contents.

**(h) No Judicial Determination.** The purpose of paragraph 7 of this Order is to facilitate discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as confidential by counsel is subject to protection under Rule 26(c)

14

AO 72A
(Rev.8/82)

of the Federal Rules of Civil Procedure or otherwise until such time as a
document-specific ruling shall have been made.

## 8.    **Brief Nomenclature**

Briefs should be titled and entered on CM/ECF as follows. The initial
brief of a movant should be titled "Brief in Support of [state the motion]." The
brief of the responding party should be titled "[name of respondent]'s Response
in Opposition to [state the motion]." The reply of the moving party should be
titled "Reply in Support of [state the motion]." Though surreplies should not
be filed in the normal course, if the Court authorizes a surreply, it should be
titled "[name of party filing the surreply]'s Surreply to [name of motion]."

## 9.    **Electronic Filing of Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded
exhibits and attachments according to their content to assist the Court in
making its ruling. For example, the Court would prefer to have documents
uploaded as Ex. A: Smith Deposition, Ex. B: Employment Contract, and Ex. C:
Jones Letter, rather than Ex. A., Ex. B, and Ex. C.

## 10.   **Requests for Oral Argument on Motions**

In accordance with the Local Rules, motions are usually decided without
oral argument, but the Court will consider any request for hearing. Moreover,

15

AO 72A
(Rev.8/82)

the Court shall grant a request for oral argument on a contested, substantive motion if the request states that a lawyer who is less than five years out of law school will conduct the oral argument on at least one substantial issue in the case, it being the Court's belief that young lawyers need more opportunities for Court appearances than they usually receive.

## 11.   Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or for preliminary injunctive relief must be made by separate motion. A request for temporary restraining order or preliminary injunction found only in the complaint will not be considered. After filing an appropriate motion, the movant must contact Mr. Goss to request expedited consideration.

## 12.   Motions for Summary Judgment - Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts. When filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file the original transcript of each deposition referenced in the brief.  The party should include in the brief, immediately following the deposition reference, a citation indicating the page

16

and line numbers of the transcript where the referenced testimony can be found.

The party should also attach to the brief a copy of the specific pages of the

deposition that are referenced in the brief.  The party should not attach to the

brief a copy of the entire deposition transcript.

**13.** **Motions for Summary Judgment - Statement of Material Facts &**
**Response**
In addition to following the form instructions set out in Local Rule

56.1(B), ND Ga, a party responding to a statement of material fact shall copy

into its response document the numbered statement to which it is responding

and provide its response to that statement immediately following.  A party that

chooses to reply to a response shall copy into its reply document its original

numbered statement of material fact and the opposing party's response, then

provide its reply to that statement immediately following.  Each party shall file

its documents in text-searchable PDF format.

**14.** **Proposed Findings of Fact and Conclusions of Law**

When counsel is required to submit proposed findings of fact and

conclusions of law (LR 16.4(B)(25)), in addition to electronically filing same,

counsel should provide an electronic copy thereof–in text-searchable PDF

format to the law clerk assigned to the case.

**15.**   **Pretrial Order**

If a motion for summary judgment is pending, the proposed consolidated Pretrial Order ordinarily is required to be filed within thirty (30) days after the entry of an order ruling on the motion for summary judgment, unless a specific date is set.

Before proposing voir dire questions to the Court, as required in the Pretrial Order, the parties shall go to the district court's website at www.gand.uscourts.gov. On the home page, locate the Attorney Information link which will direct you to Preparation for a Civil and/or Criminal Trial Before Judge Story. Here the Court has provided Background Jury Questions that are asked of prospective jurors in all trials. The Court has also provided Qualifying Questions that will be asked by the Court in civil trials. Also, written Juror Questionnaires are routinely used in all trials. The Court has provided the basic questions that will typically be included in the Juror Questionnaire. Counsel, in their voir dire requests, may request that additional questions be included in the Juror Questionnaire. Please do not duplicate the questions from any of these formats in your proposed voir dire.

The statement of contentions in the Pretrial Order governs the issues to be tried. The Plaintiff should make certain that all theories of liability are

explicitly stated, together with the type and amount of each type of damage sought. The specific actionable conduct should be set out, and, in a multi-defendant case, the actionable conduct of each Defendant should be identified. The Defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

The exhibits intended to be introduced at trial shall be specifically identified. The parties will mark their exhibits using arabic numbers (Plaintiff's Exhibit 1 or Plaintiff Jones-1 if more than one plaintiff, for example). The parties shall adhere to the guidelines of color coding of exhibit stickers set forth in Local Rule 16.4(B)(19)(b).

In listing witnesses, or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference.

Witnesses and exhibits not identified in the Pretrial Order may not be used during trial, unless it is necessary to allow it to be introduced to prevent a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for

19

impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

## 16. Pretrial Conference and Motions in Limine

The Court will conduct a pretrial conference. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine. When the case is set for trial, the parties will be advised of the briefing schedule for motions in limine.

The parties are required, five (5) business days before the pretrial conference, to identify in writing to the Court the specific witnesses they will call in their case-in-chief at trial. This may be done by sending the list by email to Mr. Goss. The Court generally does not require the parties to bring with them to the pretrial conference the exhibits to which there are objections. It is the Court's practice to consider the admissibility of exhibits at trial where the Court will have context for ruling on objections to exhibits. To the extent there is a group of exhibits, or a particular issue to which they pertain, where a ruling

20

on the group or issue may impact the admissibility of exhibits, these groups and

issues may be appropriate subjects to be addressed at the pretrial conference.


**SO ORDERED**, this _15th_ day of May, 2012.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)